IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUMOLDUS E. VANDEVEERDONK | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1921-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rumoldus E. Vandeveerdonk seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including bipolar disorder, anxiety disorder, post-traumatic stress disorder, and alcoholism. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. Two hearings were held in this case. The first hearing resulted in a decision denying disability and SSI benefits. The Appeals Council vacated that decision and remanded the case for additional proceedings. A second hearing was held on December 3, 2008. At the time of the second hearing, plaintiff was 46 years old. He is a high school graduate, attended college for three years, and has past work experience as a sales manager for an office supply store. Plaintiff has not engaged in substantial gainful activity since May 15, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from an affective disorder, an anxiety-related disorder, personality disorders, and substance addiction disorders, the judge concluded that the severity of those impairments met the requirements of the applicable listings only because of alcohol abuse. If plaintiff stopped abusing alcohol, the ALJ determined that the severity of his impairments did not meet or equal any impairment listed in the social security regulations. The judge also found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, but could not return to his past relevant employment. Relying on the testimony of a vocational expert, the ALJ determined that plaintiff was capable of working as a hand packager, a warehouse worker, and a laundry worker -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In two broad grounds for relief, plaintiff contends that: (1) the ALJ erroneously found that alcohol abuse was a contributing factor material to the determination of his disability; and (2) the ALJ improperly evaluated his credibility.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more

than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the

> basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The court first considers whether plaintiff's alcohol abuse was a contributing factor material to the determination of his disability. In 1996, Congress passed the Contract with America

Advancement Act ("CAAA"), Pub.L. No. 104-121, 110 Stat. 847 (1996), which provides, in pertinent part:

> [A]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

42 U.S.C. § 1382c(a)(3)(J). Under regulations implementing this legislation, the Commissioner must ascertain whether drug or alcohol addiction is "a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). The key factor in making this determination "is whether we would still find you disabled if you stopped using drugs or alcohol." *Id.* § 404.1535(b)(1). If a claimant's remaining limitations would not be disabling, drug addiction or alcoholism is considered to be "a contributing factor material to the determination of disability." *Id.* § 404.1535(b)(2)(i). The claimant bears the burden of proving that his or her remaining limitations are disabling independent of drug or alcohol abuse. *See, e.g. Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *Beckett v. Astrue*, No. 3-09-CV-1058-BD, 2010 WL 4883225 at *3 (N.D. Tex. Dec. 1, 2010); *Dyer v. Astrue*, No. 3-08-CV-1407-BD, 2010 WL 304242 at *3 (N.D. Tex. Jan. 26, 2010).

The CAAA regulations apply only if there is medical evidence of current drug or alcohol abuse. *See Brown*, 192 F.3d at 499 (analysis under CAAA regulations is appropriate "assuming that [plaintiff] is still addicted to drugs and alcohol at the time of [the] hearing"). Such is the case here. Between 2002 and 2009, plaintiff was hospitalized at least 10 times for symptoms related to alcohol abuse. (*See* Tr. at 364, 367-68, 380, 390, 401, 484, 490, 549, 559, 864). This constitutes substantial evidence that plaintiff abused alcohol during the time period relevant to his disability determination.

Although the medical evidence established that plaintiff suffered from a variety of severe mental impairments, the ALJ found that the severity of those impairments met the requirements of

the applicable listings only when plaintiff abused alcohol. (*See* Tr. at 30-38). If plaintiff stopped drinking, the ALJ determined that he would have only mild restrictions in his activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. (*Id.* at 37-38). Thus, plaintiff's mental impairments would not be disabling in the absence of alcohol abuse. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, ¶¶ 12.04(B)-(C), 12.06(B), & 12.08(B) (requiring at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation for mental impairment to be considered disabling under listings). The ALJ further determined that if plaintiff stopped abusing alcohol, he would have the residual functional capacity to perform a full range of work at all exertional levels and could perform a significant number of jobs in the national economy. (*See* Tr. at 38, 42-43).

At the administrative hearing held on December 3, 2008, Dr. Alvin Smith, a clinical psychologist, explained how the medical evidence showed that plaintiff's impairments were not disabling when he was not abusing alcohol:

> I think when he was seen at Presbyterian Hospital in December of '04 . . . at that time he was using excessively a . . . Well, he was discharged as stable which means he was discharged probably free of substances. They kept him in there several days, enough to dry him out so to speak and he was discharged he had -- with a global assessment of functioning of 60 which is pretty good. I think he could function pretty well, you know, at that level. When he saw Dr. Murrowhead [*sic*] he reported that now that he's not drinking that he feels a lot better. This is his report and I don't think he was drinking at that particular time. And Dr. Murrowhead [*sic*] assessed his overall functioning as pretty good, you know, again, as evidenced by his [ ] of 65 which means there is some -- only some mild limitations. So they have two sources there plus you have the claimant saying that he does better when he is not using substances.

(*Id.* at 64-65).[1] According to Dr. Smith, plaintiff would not have "any significant problems completing a normal workday of non-complex tasks" if he was not using alcohol. (*Id.* at 70; *see also id.* at 62-63). This opinion, which was given "great weight" by the ALJ, (*see id.* at 37), was very similar to that of Dr. Antoinette R. McGarrahan, a psychologist contacted by the ALJ after the first administrative hearing. Based on her review of the medical records and audio testimony from the hearing, Dr. McGarrahan concluded that "without the use of drugs and/or alcohol, Mr. Vanderveerdonk [*sic*] would likely be able to obtain and sustain competitive employment. With the continued use of drugs and alcohol, however, he would not." (*Id.* at 482). These expert opinions constitute substantial evidence to support the ALJ's materiality finding.

Plaintiff argues that the ALJ should have given more weight to the opinions of Donna Haynes, a nurse practitioner, and Debrah L. Jones, a qualified mental health professional, both of whom treated plaintiff at Lakes Regional MHMR. (*See* Plf. MSJ Br. at 17-19). Haynes and Jones repeatedly assessed plaintiff with a GAF of only 30.[2] (*See, e.g.* Tr. at 711, 726, 748, 794, 802). In a psychological questionnaire dated February 13, 2008, Haynes indicated that plaintiff had "marked" limitations in his ability to complete a normal workday or workweek without interruption from psychologically-based symptoms, and would be absent from work more than three times per month as a result of impairments or treatment. (*See id.* at 542, 545). Jones noted similar limitations in a

---

[1] GAF, or global assessment of functioning, is a standardized measure of psychological, social, and occupational functioning used in assessing a patient's mental health. *See Boyd v. Apfel*, 239 F.3d 698, 700 n.2 (5th Cir. 2001). The GAF scale ranges from a high of 100 to a low of 1. A GAF score of 60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") at 32 (4th ed. 1994). A GAF score of 65 indicates some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well. *See id.*

[2] A GAF score of 30 indicates behavior that is considerably influenced by delusions or hallucinations, communication or judgment that is seriously impaired, and an inability to function in almost all areas. *See* DSM-IV-TR at 32.

psychological questionnaire dated November 3, 2008. (*See id.* at 859). In a follow-up letter dated December 22, 2008, Jones explained:

> Over the course of my treatment with Mr. Vandeveerdonk, he has only maintained his sobriety for a maximum of two to three months before "falling off the wagon" and succumbing to alcohol usage. However, during these time periods of sobriety, Mr. Vandeveerdonk still experienced severe bouts of Depression and generalized anxiety that would limit his ability to function . . . It is my medical opinion that during a time period of sobriety, Mr. Vandeveeerdonk would still suffer from the same limitations as those listed in the questionnaire that I have filled out. This opinion is based on the multiple occasions that I have observed Mr. Vandeveerdonk in a sober state while still experiencing severe mental limitations.

(*Id.* at 862). The ALJ accepted the opinions offered by Haynes and Jones as to how plaintiff functioned while impaired by alcohol, but noted that neither had observed plaintiff for any period of sobriety lasting over three months. With respect to Haynes, the ALJ explained:

> While I have found that her assessment of the claimant is in keeping with a listing level impairment for 12.09, her assessment does not in any way address his ability to function during a period of remission as she has not witnessed such a period. The claimant has not had a remission period from alcohol of any significance. Ms. Hayes' [*sic*] assessment of function is accurate to the extent that it describes his ability to function with continued alcohol use and dependence.
>
> I assign the opinion of Nurse Hayes [*sic*] no weight in regard to his ability to function free of alcohol abuse as she has not had the opportunity to evaluate or examine the claimant during such a period. The claimant has not had a period of sobriety greater than 2-3 months according to Ms. Jones noted above and below.

(*Id.* at 39-40). Similarly, the ALJ assigned "no weight" to the assessment offered by Jones of plaintiff's ability to function while sober because "she has never observed the claimant for any period of sobriety lasting over three months[,]" and "she had only visited with the claimant one time for 15 minutes and never for a full evaluation." (*Id.* at 40). Instead, the ALJ gave "significant or substantial

weight" to the testimony of Dr. Smith, a medical expert, who stated that plaintiff was capable of performing work at all exertional levels if he stopped drinking. (*Id.* at 40-41).

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927." SSR 96-2p, 1996 WL 374188 at *4 (Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

   (1)   the physician's length of treatment of the claimant;

   (2)   the physician's frequency of examination;

   (3)   the nature and extent of the treatment relationship;

   (4)   the support of the physician's opinion afforded by the medical evidence of record;

   (5)   the consistency of the opinion with the record as a whole; and

   (6)   the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently

      specific to make clear to any subsequent reviewers the weight the
adjudicator gave to the treating source's medical opinion and the
reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

      To the extent plaintiff argues that the ALJ failed to clearly articulate the weight given to the opinions of Haynes and Jones, his argument is without merit. First, only licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are "acceptable medical sources" under the regulations. *See* 20 C.F.R. § 416.913(a). Neither Haynes, a nurse practitioner, nor Jones, a qualified mental health professional, is an "acceptable medical source" whose opinion is entitled to controlling weight. *See, e.g. Thibodeaux v. Astrue*, 324 Fed.Appx. 440, 445, 2009 WL 1344809 at *4 (5th Cir. May 14, 2009) (therapist's opinion not treating source opinion entitled to controlling weight); *Nickerson v. Astrue*, No. 3-07-CV-0921-BD, 2009 WL 321298 at *6 (N.D. Tex. Feb. 6, 2009) (same as to MHMR counselor); *Stonebarger v. Astrue*, No. 09-CV-795-PJC, 2011 WL 1238423 at *9 (N.D. Okla. Mar. 29, 2011) (same as to clinical nurse specialist).[3] Second, the ALJ clearly explained why he assigned "no weight" to the opinions of Haynes and Jones as to how plaintiff functioned while sober -- neither had observed plaintiff for any period of sobriety lasting over three months. (*See* Tr. at 40). Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), the regulations require only that the Commissioner "apply" the factors and articulate good reasons for the weight assigned to a treating source opinion. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ need not recite each factor as a litany in every case.

---

    [3] That the psychological questionnaires completed by Haynes and Jones were co-signed by psychiatrists does not change the analysis. *See Vester v. Barnhart*, 416 F.3d 886, 890 (8th Cir. 2005) (regulations do not require ALJ to give controlling weight to counselor's evaluation merely because it was co-signed by a physician).

An ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1984 (1995). Here, the ALJ credited those opinions that were most consistent with the record as a whole. Indeed, there was no evidence that, absent alcohol abuse, the severity of plaintiff's mental impairments met the requirements of any applicable listing or that he was precluded from performing a full range of work at all exertional levels. Nor was there any evidence, other than Jones's opinion which was rejected for good cause, that plaintiff would be absent from work at least two to three times per month as a result of his impairments or treatment. Under these circumstances, the ALJ did not err in giving "great weight" to the opinion of the testifying medical expert and finding that plaintiff's alcohol abuse was a material factor contributing to his disability. *See Simpson v. Astrue*, No. 3-10-CV-0518-BD, 2011 WL 1211393 at *5 (N.D. Tex. Mar. 31, 2011).

B.

Plaintiff also contends that the ALJ improperly evaluated his credibility. At the administrative hearing, plaintiff testified that he experiences acute anxiety and "explosive" panic attacks that cause him to have auditory and visual hallucinations and make him feel like he is going to die. (*See* Tr. at 48-49, 51, 53, 58). Plaintiff explained that he is angry and short-tempered in a group of two or more individuals and withdraws from such situations. (*Id.* at 58-59). He also denied that alcohol was the cause of his problems. (*Id.* at 55). The ALJ rejected plaintiff's testimony regarding the severity of his symptoms and resulting limitations as "outside the range of reasonable attribution to the medical opinions of record." (*Id.* at 39).

The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce

the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186 at *2 (SSA Jul. 2, 1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R. § 404.1529. In addition to objective medical evidence, the ALJ should consider the following factors in assessing the claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at *3. Although the ALJ must give specific reasons for his credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F.Supp.2d 863, 871 (E.D. Tex. 2005), *citing Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001).

Here, the ALJ used the proper legal standards in assessing plaintiff's credibility, and the resulting determination is supported by substantial evidence. The ALJ cited to the applicable

regulations, summarized the evidence, and articulated legitimate reasons for rejecting plaintiff's testimony that his functional limitations were caused by psychological factors not related to the use of alcohol. (*See* Tr. at 38-41). Not only is there no objective medical evidence to suggest that plaintiff is precluded from all work activity when sober, but the ALJ's credibility determination is supported by the conclusions of a medical expert and multiple state agency physicians who found that plaintiff's allegations were not supported by medical evidence. (*See id.* at 61-63, 70-72, 420, 434, 477, 479). No error occurred in this regard. *See, e.g. Salgado v. Astrue*, 271 Fed.Appx. 456, 462-63, 2008 WL 828945 at *6 (5th Cir. Mar. 28, 2008) (upholding credibility determination made by ALJ notwithstanding failure to address each regulatory factor); *Undheim v. Barnhart*, 214 Fed.Appx. 448, 450-51, 2007 WL 178062 at *2 (5th Cir. Jan. 19, 2007) (same); *Prince*, 418 F.Supp.2d at 871 (same).

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: September 8, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE